# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael J. Cook and Richard C. Dentinger, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Pension Fund, Michael J. Cook and Paul R. Weise, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund; Jay Lommel and James R. Lundquist, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Vacation Fund; and Michael J. Cook and William Dentinger, as Trustees of the Minnesota and North Dakota Bricklayers and Allied Craftworkers Journeyman and Apprentice Training Trust Fund, | Civil File Number: 09-CV-1088 PAM/AJB |
| Plaintiffs, | |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |
| Brian Liska Masonry, Inc., a foreign corporation; and Brian J. Liska, | |
| Defendants. | |

Rosene, Haugrud & Staab, Chartered, by STEPHEN C. KELLY, Esq., of St. Paul, Minnesota, appeared for Plaintiffs.

_____, appeared for Defendants.

This matter came on for hearing before the Court on August 26, 2009, on Plaintiffs' motion for an Injunction.

Upon all files, records and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1.  On June 15, 2009, the Court entered default against Defendants, jointly and severally.

2. Defendants are signatory to the Eastern North Dakota Agreement between Bricklayers and Allied Craftworkers Local Union 1 Minnesota / North Dakota, effective May 1, 2008 through April 30, 2011 ("Collective Bargaining Agreement").

3. Defendants have not abrogated the Collective Bargaining Agreement pursuant to the terms thereof or 29 U.S.C. §158 (d).

4. Pursuant to the above-referenced Collective Bargaining Agreement, Defendants are obligated to submit to Plaintiffs' Third-Party Administrator ("TPA") monthly fringe benefit contribution Report Forms indicating the fringe benefit contribution payment amounts due for the prior month.

5. Plaintiffs' TPA conducts periodic fringe benefit payroll audits to determine the veracity of employer monthly reporting of fringe benefit contribution payments.

6. That Plaintiffs face irreparable harm from Defendants' delinquency because it has a continuing obligation to provide benefits regardless of whether Defendants submit the fringe benefit contribution payments.

7. That Plaintiffs' continuing harm outweighs any prejudice to Defendants resulting from the issuance of an Injunction.

8. That Plaintiffs have no adequate remedy at law as a result of it continuing obligation to provide such benefits.

9. That issuing an Injunction will serve the public interest by protecting employees, pursuant to the Collective Bargaining Agreement, and ERISA.

Based on its review, the Court reaches the following:

## CONCLUSIONS OF LAW

1. That Plaintiffs are entitled to an Injunction.

2. That Plaintiffs are not required to provide security in seeking injunctive relief pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, because Defendant will not be harmed by the issuance of the requested Injunction.

Based on the foregoing, IT IS HEREBY ORDERED:

## ORDER

1. Plaintiffs' motion for injunctive relief is granted, and Plaintiffs are not required to provide security under Federal Rule 65(c).


Dated: August _26_, 2009

s/Paul A. Magnuson
PAUL A. MAGNUSON
United States District Judge